USDC IN/ND case 2:22-cv-00022-PPS document 2 filed 12/28/21 page 1 of 8

45D02-2112-CT-001249
Lake Superior Court, Civil Division 2

Filed: 12/28/2021 3:12 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | LAKE CIRCUIT/SUPERIOR COURT |
| | ) ss: | SITTING IN |
| COUNTY OF LAKE | ) | _____, INDIANA |

| | |
|---|---|
| JANET L. BASTA-ADAMS & ) | |
| MARK ADAMS ) | |
|     Plaintiffs, ) | CAUSE NO.: |
| v. ) | |
| MARY L. RING & ) | |
| THOMAS W. RING ) | |
|     Defendants. ) | |

## COMPLAINT

Comes now Plaintiffs Janet L. Basta-Adams and Mark Adams, by and through their counsel, Schlyer & Associates, P.C., and for their Complaint against Defendants Mary L. Ring and Thomas W. Ring, state and allege as follows:

### Nature of Action

1. This is a civil action for injuries and damages sustained as a result of an automobile crash occurring during the afternoon of February 12, 2020, on U.S. 41, near the entrance to the Wal-Mart store, in Schererville, Lake County, Indiana.

### Parties

2. Plaintiff Janet L. Basta-Adams, is currently, and at the time of the crash, an adult resident of Schererville, Lake County, Indiana.

3. Plaintiff Mark Adams, is currently, and at the time of the crash, an adult resident of Schererville, Lake County, Indiana.

4. At all times relevant, Mark Adams was the lawfully wedded spouse of Janet L. Basta-Adams.

**EXHIBIT A**

5. Upon information and belief, Defendant Mary L. Ring (hereinafter referred to as Defendant Ring) is currently, and at the time of the crash, an adult, residing at 24635 South Chestnut Lane, Crete, Illinois.

6. Upon information and belief, Defendant Thomas W. Ring is currently, and at the time of the crash, an adult, residing at 24635 South Chestnut Lane, Crete, Illinois.

7. At the time of the crash, Plaintiff Janet L. Basta-Adams, was operating a 2012 Ford Flex Limited.

8. At the time of the crash, Defendant Ring was operating a 2018 black Toyota.

9. At the time of the crash, Defendant Ring's 2018 Toyota contained a vanity license plate.

10. At the time of the crash, Defendant Ring had another occupant in her vehicle.

11. Upon information and belief, at the time of the crash, Defendant Thomas W. Ring owned the 2018 Toyota operated by Defendant Mary L. Ring.

12. Upon information and belief, Defendant Thomas W. Ring authorized Defendant Mary L. Ring to use the vehicle.

13. At said location, the intersection for traffic leaving the shopping center and U.S. 41 was controlled by a traffic light.

14. At said location, the traffic light controls traffic leaving the shopping center and traffic on U.S. 41.

15. Said intersection is the first traffic light north of the intersection of U.S. 30 and U.S. 41.

16. At the time of the crash, Defendant was traveling southbound on U.S. 41.

17. At said location, southbound traffic on U.S. 41 contains four (4) lanes.

18. At said location, for southbound traffic, there is a left turn only lane.

19. At said location, for southbound traffic, there is a right turn only lane.

20. At said location, for southbound traffic, there are two (2) through lanes of travel.

21. At the time of the crash, Defendant was traveling southbound, in the right turn only lane.

22. At said location, traffic traveling in the southbound right turn only lane, is required to turn right, into the shopping plaza along the right side of U.S. 41.

23. At the time of the crash, Defendant was intending to turn right onto westbound U.S. 30.

24. At said time, traffic for southbound traffic had a red light.

25. At said time, southbound traffic was required to stop for the red light.

26. At the time of the crash, Plaintiff was traveling westbound, crossing U.S. 41.

27. At the time of the crash, the traffic light was green for traffic crossing U.S. 41.

28. At said place and time, Plaintiff successfully crossed the northbound lanes.

29. At the time of the crash, Defendant Ring was using the right turn only lane as a through lane.

30. At the time of the crash, Defendant Ring failed to obey the red traffic light.

31. Witnesses confirmed to the responding police officers, southbound traffic had a red light at the time of the crash.

32. Defendant Ring failed to stop for the red light, causing a collision with Plaintiff's vehicle.

33. As a result of the crash, Plaintiffs' vehicle was damaged.

34. As a result of the crash, Plaintiffs' vehicle was totaled.

35. As a result of the crash, Plaintiff Janet Basta-Adams sustained injuries.

## Count I – Negligence

Plaintiffs, by and through counsel, Schlyer & Associates, P.C., as Count I of their Complaint against Defendants, each of them, state and allege as follows:

36. Plaintiffs re-allege and re-incorporate all prior and subsequent paragraphs as and for paragraph 36 of Count I of this Complaint.

37. Defendant Mary L. Ring had a duty to other motorists, passengers, pedestrians, and the general public, including Plaintiffs, to operate her vehicle in a reasonably safe manner.

38. Defendant Ring breached the aforementioned duty in that she operated her vehicle negligently, carelessly and/or recklessly by committing the following acts and/or omissions, among others:

   a. Failing to maintain reasonable control over the vehicle in order to avoid collisions with other vehicles or pedestrians;

   b. Failing to maintain reasonable lookout while operating the motor vehicle in order to avoid collisions with other motor vehicles or pedestrians;

   c. Failing to act as a reasonable, careful, and prudent automobile driver under like or similar circumstances in order to avoid collisions with other motor vehicles or pedestrians;

   d. Failing to keep proper lookout;

   e. Failing to exercise reasonable and prudent care for the safety of other drivers and pedestrians on the road;

   f. Failed to obey an official traffic control device;

   g. Failed to stop for the red light;

   h. Used the right turn only lane as a through lane;

   i. Improper lane usage;

   j. Traveling too fast for conditions;

   k. Failing to yield to traffic;

    l.    Failing to exercise reasonable care to avoid collisions with other vehicles;

    m.    Failing to use the requisite degree of care that a reasonably prudent person would have used under the same or similar circumstances;

    n.    Failing to maintain proper distance between his vehicle and other vehicles;

    o.    Failing to slow down and/or stop for slowed or stopped traffic; and

    p.    Failing to reasonably stop the motor vehicle in order to avoid collisions with other motor vehicles.

39. As a result of this crash, Defendant Mary L. Ring was issued a ticket for improper lane usage by the responding officer.

40. Upon information and belief, Defendant Mary L. Ring was operating a vehicle owned by Defendant Thomas W. Ring who authorized Defendant Mary L. Ring's use of the vehicle at the time of this crash.

41. Defendant Thomas W. Ring had a duty to other motorists, passengers, pedestrians and the general public, including Plaintiffs, to ensure those operating his vehicle operated it in a reasonably safe manner.

42. As a direct and proximate result of each Defendants' negligence, carelessness, and/or recklessness, Plaintiffs sustained injuries and damages including, but not limited to, the following:

    a.    Bodily injuries;

    b.    Permanent disability;

    c.    Past, present and future pain and suffering and inconvenience;

    d.    Past, present and future medical expenses;

    e.    Loss of normal use;

    f.    Loss of consortium and

    g.    Loss of normal life.

WHEREFORE, Plaintiffs pray for judgment against each Defendant in an amount sufficient to compensate them for their losses, costs of this action, and for all other further just and proper relief in the premises.

### Count II – Negligence per se

Plaintiffs, by and through counsel, Schlyer & Associates, P.C., as Count II of their Complaint against each Defendant, state and allege as follows:

43. Plaintiffs re-allege and re-incorporate all prior and subsequent paragraphs as and for paragraph 43 of Count II of this Complaint.

44. The below-listed statutes were promulgated to protect the class of motorists and pedestrians on the road.

45. Plaintiffs, as a motorist, were members of that class at the time of the crash.

46. The below-listed statutes were promulgated to protect against the risk of the type of harm that Plaintiffs have experienced as a direct result of the crash.

47. Defendant Rand, by acts and/or omissions, violated the following statutes:

    a.    Failing to use the requisite degree of care that a reasonably prudent person would have used under the same or similar circumstances, in violation of I.C. 9-21-5-1;

    b.    Improper lane usage, in violation of I.C. 9-21-8-11;

    c.    Failing to obey an official traffic control device, in violation of I.C. 9-21-3-7;

    d.    Failing to reasonably stop the motor vehicle in order to avoid collisions with other motor vehicles or pedestrians, in violation of I.C. 9-21-8-14; and

    e.        Moving the vehicle when the movement could not be done with reasonable safety, in violation of I.C. 9-21-8-24.

48.    As a result of this crash, Defendant Mary L. Ring was issued a ticket for improper lane usage by the responding officer.

49.    As a direct and proximate result of each Defendants' negligence, carelessness, recklessness and/or violation of the above statutes, Plaintiffs sustained physical injuries and damages including, but not limited to, the following:

    a.        Bodily injuries;

    b.        Permanent disability;

    c.        Past, present and future pain and suffering and inconvenience;

    d.        Past, present and future medical expenses;

    e.        Loss of normal use

    f.        Loss of consortium; and

    g.        Loss of normal life.

WHEREFORE, Plaintiffs pray for judgment against each Defendant in an amount sufficient to compensate them for their losses, costs of this action, and for all other further just and proper relief in the premises.

                              Respectfully submitted,

                              SCHLYER & ASSOCIATES, P.C.

                              **/s/ David R. Novak**

                              David R. Novak, #22494-45

SCHLYER & ASSOCIATES, P.C.
200 West 80th Place
Merrillville, Indiana 46410
219/757-0228

## JURY DEMAND

Plaintiffs, by and through counsel, Schlyer & Associates, P.C., demand trial by jury on all issues contained herein.

Respectfully submitted,

SCHLYER & ASSOCIATES, P.C.

**/s/ David R. Novak**

David R. Novak, #22494-45

SCHLYER & ASSOCIATES, P.C.
200 West 80th Place
Merrillville, Indiana 46410
219/757-0228